IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [98] MOTION TO REOPEN MOTION TO SUPPRESS EVIDENCE AND [101] MOTION TO CONTINUE**<br><br>Case No. 2:16-cr-0020-DN<br><br>District Judge David Nuffer |

Defendant Marlon Alonzo Smith ("Smith") has moved to reopen the motion to suppress ("Motion to Reopen")[1] and to continue the trial ("Motion to Continue").[2] The government opposed both motions[3] and the Defendant replied.[4] Because the Defendant does not provide any new evidence that would justify reopening the motion to suppress and because the requested continuance does not outweigh the best interest of the public and the Defendant in a speedy trial, the motions are DENIED.

---

[1] Motion to Reopen Motion to Suppress Evidence, docket no. 98, filed May 26, 2017.

[2] Motion to Continue Trial and Waiver of the Right to a Speedy Trial, docket no. 101, filed May 26, 2017.

[3] Docket no. 108, filed June 3, 2017.

[4] Due to deficiencies in Defendant's Motion to Reopen, Defendant was instructed to file a supplemental memorandum. *See* Docket Text Order Taking Under Advisement Motion to Reopen Motion to Suppress, docket no. 103, entered May 31, 2017. In that supplemental memorandum, Defendant provided further support for his Motion to Reopen *and* his Motion to Continue. *See* Memorandum in Support of Motion Reopen Motion to Suppress Evidence and in Support of Motion to Continue Trial, docket no. 107, filed Jun. 2, 2017. When Defendant replied to the government's response to these motions, he did so again in a single document. *See* Reply to Response by the Government, docket no. 109, filed June 7, 2017.

This case was filed in January 2016, and the Defendant has been in custody since that time. He has had two prior attorneys. The case has been set for trial seven times.[5] The time the case has been pending and the thorough nature of prior proceedings was not mentioned in Defendant's motions.

## DISCUSSION

**Defendant does not provide a legally sufficient reason to reopen the motion to suppress**

Defendant argues it is appropriate to reopen the motion to suppress because "the issue of the traffic stop . . . was not fully developed at the suppression hearing."[6] When addressing the initial reason for the traffic stop, Defendant concedes that he was traveling at 89 miles per hour the morning of January 1, 2016, and that the Utah Department of Public Safety possesses the authority to establish speed limits on Utah Highways, in this instance 80 miles per hour.[7] However, defendant asserts that he was travelling at a "safe and appropriate speed" within the meaning of Utah Code Annotated § 41-6a-601 and that the speed limits established by the Utah Department of Public Safety under Utah Code Annotated § 41-6a-602 are somehow subject to the "safe and appropriate" provisions of Utah Code Annotated § 41-6a-601.[8] Defendant also argues that he needs two experts to develop his defense: (1) a canine search expert because the "action of the police dog in [this] . . . case . . . allow the reasonable argument that the dog did not

---

[5] Minute Entry, docket no. 4, filed January 20, 2016; Order Granting Motion to Continue Jury Trial, docket no. 16, filed March 16, 2016; Notice of Hearing, docket no. 40, filed September 13, 2016; Notice from the Court, docket no. 62, filed November 11, 2016; Notice from the Court, docket no. 67, filed February 23, 2017; Notice from the Court, docket no. 73, filed March 22, 2017; Minute Entry, docket no. 91, filed April 17, 2017.

[6] Declaration of Counsel in Support of Motion to Reopen Motion to Suppress Evidence ¶6, docket no. 99, filed May 26, 2017.

[7] Memorandum in Support of Motion Reopen Motion to Suppress Evidence and in Support of Motion to Continue Trial pp 2-3, docket no. 107, filed June 2, 2017.

[8] *Id.* at 3.

alert but was actually prompted to act;"[9] and (2) a mental expert to "testify about the Defendant's background, [and] his mental state under the totality of the circumstances."[10]

"The decision to reopen a suppression hearing is within the sound discretion of the trial court . . . ."[11] In order to appropriately reopen a motion to suppress, a movant must "present[] . . . new evidence or legal support" instead of a "laundry list of facts and speculations."[12] Here, Defendant has presented state statutes pertaining to speed limits and reasonable and prudent speeds, conjecture that the police dog was prompted to act, an untimely request for an expert to review the dog's behavior, and the irrelevant argument that an expert is necessary to opine on the Defendant's mental state during the traffic stop. These arguments are entirely speculative and are not accompanied by any new evidence or support that would serve as a legally sufficient basis to reopen the suppression hearing. The suppression hearing was very thorough.[13] Unfortunately, the testimony and video evidence was very convincing. A very complete order was prepared and filed.[14]

### The bases for continuance do not outweigh the best interests of the public and the Defendant in a speedy trial.

The Speedy Trial Act establishes that a trial continuance is to be granted only on the basis of "findings that the ends of justice served by [granting the continuance] outweigh the best interests of the public and the defendant in a speedy trial."[15] Defendant was already granted a

---

[9] *Id.* at 4.

[10] *Id.* at 5.

[11] *United States v. Berrelleza*, No. 03–5000, 2004 WL 407042 (10th Cir. Mar. 4, 2004) (unpublished) (internal citation omitted).

[12] *Id.*

[13] Mnute Entry, docket no. 31, filed June 22, 2016; Transcript, docket no. 33, filed July 7, 2016.

[14] Docket no. 39, filed September 12, 2016.

[15] 18 U.S.C. § 3161(h)(7)(A).

two month continuance upon the appearance of current defense counsel.[16] Now Defendant argues his requested experts are necessary to develop a defense theory because "nothing suggests that there was a theory of the defense beyond the motion to suppress."[17] Defendant also alleges that he only recently "just inherited five computer disks"[18] but does not identify what those disks are or what information they contain or the date they were provided. At least one of them is a video which does not take long to review. Defendant provides no explanation why these disks have not been reviewed before now. Defendant offers no support for his speculation that a canine expert would provide evidence that would support the argument in his motion. The mental state of the defendant is not at all relevant to the issues in the case, so no psychologist is needed.

None of these allegations support a continuance or a finding that the failure to grant a continuance here "would result in a miscarriage of justice"[19] or "deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[20] More specifically, defendant's Motion to Continue[21] fails to justify why Defendant's requested continuance of *four* additional months outweighs the best interests of the public and the defendant in a speedy trial.

---

[16] Minute Entry for proceedings held before Judge David Nuffer, docket no. 91, entered Apr. 17, 2017.

[17] Memorandum in Support of Motion Reopen Motion to Suppress Evidence and in Support of Motion to Continue Trial at 6, docket no. 107, filed Jun. 2, 2017.

[18] *Id.*

[19] 18 U.S.C. § 3161(h)(7)(B)(i).

[20] 18 U.S.C. § 3161(h)(7)(B)(iv).

[21] Motion to Continue Trial and Waiver of the Right to a Speedy Trial, docket no. 101, filed May 26, 2017.

## ORDER

Based on Defendant's motions, and absent good cause shown therefor,

IT IS HEREBY ORERED that Defendant's Motion to Reopen Motion to Suppress Evidence[23] and Defendant's Motion to Continue Trial and Waiver of the Right to a Speedy Trial[24] are DENIED.

IT IS FURTHER ORDERED that counsel are to meet on or before noon Tuesday June 13, 2017, to finalize jury instructions, voir dire, and the verdict form which were proposed in April and will be emailed again today. The pre-trial is set Wednesday June 14, 2017 at 10:00 a.m.

Signed June 8, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[23] Motion to Reopen Motion to Suppress Evidence, docket no. 98, filed May 26, 2017.

[24] Motion to Continue Trial and Waiver of the Right to a Speedy Trial, docket no. 101, filed May 26, 2017.