IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release ("Motion").[1] The government and the United States Probation Office oppose Defendant's Motion.[2] Because Defendant fails to demonstrate that extraordinary and compelling reasons to warrant compassionate release, and because jurisdiction is lacking over his request for home confinement, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Motion for Compassionate Release and Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Due to the COVID-19 Pandemic ("Motion"), docket no. 206, filed Nov. 2, 2020.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 211, filed under seal Nov. 20, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 214-1, filed under seal Dec. 7, 2020.

[3] Docket no. 206, filed Nov. 2, 2020.

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Defendant submitted a request for relief under the First Step Act to the warden at FCI Victorville, which was denied on August 31, 2020.[8] Defendant then filed his Motion on November 2, 2020. Therefore, the Motion is procedurally proper, and its merits may be addressed.[9]

### Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release

Defendant argues that because his medical conditions place him in the high-risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release.[10] Defendant is 50 years old and has served approximately 61 months (~34%) of his 180-month prison sentence.[11] Defendant's BOP medical records indicate that he is being treated for bipolar disorder and anxiety, neck pain from

---

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Response to Inmate Request to Staff Concerning a Request for Compassionate Release/Reduction in Sentence, docket no. 206-3, filed Nov. 2, 2020.

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] Motion 2-6.

[11] Recommendation.

a bulging disk and other disk ailments, shoulder pain, non-active Tuberculosis infection, hyperlipidemia (high fat levels in the blood), TMJ syndrome and headaches, hearing loss, toenail fungus, chronic sinusitis, throat discomfort, and GERD (excessive stomach reflux).[12] Defendant also asserts that he suffers from a respiratory condition.[13] However, Defendant's medical records indicate that while he has complained of periodic shortness of breath, he has not been diagnosed with or treated for a respiratory condition.[14] Defendant further asserts that the conditions of his confinement make it very difficult to practice the CDC guidelines for social distancing and sanitation.[15] And Defendant asserts that if released, he will not be a danger to the community, and will reside with his brother in Ridgecrest, California.[16] While Defendant did provide information about the proposed residence or potential for employment,[17] his release plan does not address that he is an illegal alien[18] who will face removal proceedings after the conclusion of his custodial sentence.

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant."[19] The USSC policy statement is not binding for purposes of Defendant's Motion.[20] But it does provide helpful considerations

---

[12] BOP Medical Records, docket no. 211-3, filed under seal Nov. 20, 2020.

[13] Motion at 3; Supplemental Motion for Compassionate Release and Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Due to the COVID-19 Pandemic ("Supplement") at 2, docket no. 209, filed Nov. 5, 2020.

[14] BOP Medical Records.

[15] Supplement at 7.

[16] Motion at 7.

[17] Recommendation.

[18] Presentence Investigation Report ("PSR") at 2, docket no. 171, filed under seal Sept. 5, 2018.

[19] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[20] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

for determining whether Defendant's circumstances constitute extraordinary and compelling reasons to warrant relief. Specifically, the policy statement provides that "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[21]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[22]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[23]

Defendant fails to demonstrate that his medical conditions constitute extraordinary and compelling reasons to warrant relief. Defendant does not assert that he is suffering from a terminal illness. He provides insufficient evidence and argument regarding the seriousness of his condition, his likelihood of recovery, or the ways in which his conditions negatively impact him

---

[21] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[22] *Id*. at Commentary Application Notes 1(B).

[23] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

and his ability for self-care. On this record, Defendant fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment; or deteriorating physical health that substantially diminish his ability to provide self-care within a correctional facility.

Defendant also fails to meet the age-based factors for extraordinary and compelling reasons to warrant relief. Defendant is 50 years old.[24] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And Defendant has not served at least 10 years or 75 percent of his prison term. He has served approximately 61 months,[25] which is approximately 34% of his 180-month prison sentence.

Additionally, the combination of Defendant's medical condition and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Defendant asserts that his medical conditions put him in the high-risk category for serious complications or death if he contracts COVID-19.[26] However, none of the conditions for which Defendant has been diagnosed or treated for are identified as increasing an individual's risk of serious complication by the CDC.[27] And his assertion of a respiratory condition is not supported by the evidence. Defendant's medical records indicate that he is receiving medical attention, treatment, and medication for his conditions.[28] There is also only the potential that Defendant

---

[24] Recommendation.

[25] *Id*.

[26] Motion at 2-6.

[27] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 29, 2021).

[28] BOP Medical Records.

may contract COVID-19 while in BOP custody. The potential of contracting COVID-19 still exists if Defendant is granted compassionate release.

The BOP has implemented substantial restrictions on inmates and prison staff to limit personal interactions and curb the spread of COVID-19. These restrictions include canceling all programs, classes, and counseling for inmates. Indeed, the BOP has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff. These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[29]

---

[29] https://www.bop.gov/coronavirus (last visited Jan. 29, 2021).

Despite these protocols and precautions, FCI Victorville has not avoided the COVID-19 pandemic. There are currently 32 staff and 58 inmates with confirmed active COVID-19 cases.[30] On the other hand, Ridgecrest, California (where Defendant plans to reside if granted compassionate release) is in a county that has had 28,647 active COVID-19 cases as of January 18, 2021.[31] Defendant may be able to exercise more personal control over following CDC guidelines and recommendations if released. But on this record, Defendant has not shown that he is more likely to contract COVID-19 in custody than if released.

Therefore, Defendant has failed to demonstrate that his conditions and circumstances (considered individually or collectively) justify granting him compassionate release.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release. Defendant was convicted of one count of Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).[32] His arrest for this offense culminated after a high-speed chase with police, during which Defendant reached speeds in excess of 115 miles per hour, and Defendant was only stopped after having his vehicle's tires spiked and his vehicle being spun around by an officer executing a PIT maneuver.[33] Defendant's criminal history includes convictions for robbery (during which a co-defendant shot the robbery victim) and violation of a protective order (during which he rammed his vehicle into his ex-wife's car during a child custody exchange).[34] Defendant's guideline range of imprisonment was 292 months to 365 months.[35] He was sentenced to 180

---

[30] https://www.bop.gov/coronavirus (last visited Jan. 29, 2021).

[31] https://kernpublichealth.com/covid-19_dashboard/ (last visited Jan. 29, 2021).

[32] Judgment in a Criminal Case ("Judgment") at 1, docket no. 181, filed Oct. 2, 2018.

[33] PSR ¶ 5 at 4.

[34] *Id*. ¶¶ 22-23 at 6.

[35] *Id*. ¶ 48 at 11.

months,[36] well below the low end of his guideline range. Defendant was also sentenced to a 60-month term of supervised release.[37]

The serious nature and circumstances of Defendant's offense, the appropriateness of the original 180-month prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant. Therefore, Defendant has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

### Jurisdiction is lacking over Defendant's request for home confinement

Defendant alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[38] However, the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[39] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[40] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[41] Therefore, jurisdiction is lacking over Defendant's request for home confinement.

---

[36] Judgment at 2.

[37] *Id*. at 3.

[38] Motion at 1, 7-5.

[39] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[40] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[41] 18 U.S.C. § 3621(b).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[42] is DENIED.

Signed February 1, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[42] Docket no. 206, filed Nov. 2, 2020.