IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION FOR FEES TO PURCHASE DASHCAM VIDEO**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant seeks fees to purchase and mail a copy of the dashcam video of the traffic stop and subsequent canine sniff and search that lead to his arrest and charge in this case ("Motion").[1] However, final judgment[2] has entered; the Tenth Circuit Court of Appeals has affirmed Defendant's conviction and sentence;[3] and no other matters are pending in this case.[4] Defendant's Motion also does not indicate the purpose for which Defendant seeks the dashcam video. Defendant has a petition pending for post-conviction relief,[5] and it may be that the video is sought in that case. But if Defendant seeks the dashcam video for purposes of the § 2255 case, he must file an appropriate motion in the § 2255 case. That exhibit was returned to the government upon completion of trial.[6]

---

[1] Motion for Fees to Purchase Dashcam Video ("Motion"), docket no. 237, filed Apr. 8, 2021.

[2] Judgment in a Criminal Case, docket no. 181, filed Oct. 2, 2018.

[3] Order and Judgment, docket no. 200, filed Feb. 25, 2020.

[4] Defendant has a pending appeal before the Tenth Circuit Court of Appeal regarding the denial of a motion for compassionate release. *United States v. Smith*¸ No. 21-4023 (10th Cir.). The dashcam video has no relevance to the appeal..

[5] *Smith v. United States,* No. 2:21-cv-00081-DN (D. Utah).

[6] Text of entry in docket no. 163, filed June 13, 2018.

"After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."[7] And the district court's original jurisdiction under 18 U.S.C. § 3231 does not confer "jurisdiction over all post-conviction motions."[8] Defendant cites no legal authority that would confer jurisdiction over his Motion. The Tenth Circuit Court of Appeal has also held that the district court lacks jurisdiction to address the merits of post-conviction motions seeking discovery for use in other actions.[9] Therefore,

IT IS HEREBY ORDERED that Defendant's Motion[10] is DISMISSED for lack of jurisdiction.

Signed April 12, 2021.

BY THE COURT

*David Nuffer* (signature)

David Nuffer
United States District Judge

---

[7] *United States v. James*, 728 Fed. App'x 818, 822 (10th Cir. 2018).

[8] *Id*.

[9] *Id*.; *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018); *United States v. Benitez*, 720 Fed. App'x 509, 510-11 (10th Cir. 2018).

[10] Docket no. 237, filed Apr. 8, 2021.