THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER FINDING GOOD CAUSE AND EXCUSABLE NEGLECT FOR UNTIMELY APPEAL**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

      The Tenth Circuit Court of Appeals entered an order of limited remand "to determine whether [Defendant Marlon Alonzo] Smith can establish excusable neglect or good cause for the untimely filing of his notice of appeal."[1]

      "Good cause may warrant an extension [of the deadline to file an appeal] when the defendant demonstrates an untimely filing resulted from a situation in which there is no fault—excusable or otherwise."[2] "This situation is usually occasioned by something that is not within the defendant's control."[3] "Excusable neglect may also warrant an extension [of the deadline to file an appeal]."[4] "In evaluating whether a defendant has shown excusable neglect, a district court should consider all relevant circumstances, including [1] the danger of prejudice to the government, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and

---

[1] Order at 3, No. 24-4036, docket no. 269, filed Apr. 3, 2024.

[2] *United States v. Munoz*, 664 Fed. App'x 713, 715 (10th Cir. 2016) (internal quotations omitted).

[3] *Id*. (internal quotations and punctuation omitted).

[4] *Id*.

[4] whether the movant acted in good faith."[5] "[T]he reason for the delay [i]s a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[6]

The Memorandum Decision and Order Denying Motion for Reconsideration, which is the subject of Mr. Smith's appeal, was entered on February 21, 2024.[7] Under FED. R. APP. P. 4(b)(1)(A)(i), Mr. Smith had 14 days from the order's entry to file his appeal. However, he did not mail his Notice of Appeal until March 19, 2024, which was received and entered on March 22, 2024.[8]

Mr. Smith asserts under penalty of perjury that he did not receive the Memorandum Decision and Order Denying Motion for Reconsideration through his inmate mail until March 18, 2024.[9] Therefore, the delay in Mr. Smith's appeal does not appear to have been within his control. Mr. Smith also acted promptly upon receiving the Memorandum Decision and Order Denying Motion for Reconsideration by mailing his Notice of Appeal within one day. Under these circumstances, there is no real danger of prejudice to the government cause by the delay, and the length of delay and its impact on judicial proceedings is minimal (less than the 30-day extension of time permitted by FED. R. APP. P. 4(b)(4)).

Therefore, Mr. Smith has established good cause and excusable neglect for the untimely filing of his Notice of Appeal.

---

[5] *Id*. (internal quotations omitted).

[6] *Id*. (internal quotations omitted).

[7] Docket no. 263, filed Feb. 21, 2024.

[8] Docket no. 264, filed Mar. 22, 2024.

[9] *Id*. at 1, 3.

## ORDER

IT IS HEREBY ORDERED that Mr. Smith has established good cause and excusable neglect for the untimely filing of his Notice of Appeal.

Signed April 4, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge