THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE MOTION FOR RELIEF UNDER HAZEL-ATLAS**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant Marlon Alonzo Smith seek relief from his conviction and sentence under FED. R. CIV. P. 60(d)(3) and the Supreme Court's opinion in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*[1] ("Motion").[2] Defendant argues that his conviction and sentence must be vacated for fraud on the court which substantially affected and interfered with his ability to fully prepare for and proceed at trial.[3] Specifically, Defendant argues that:

- newly discovered evidence establishes he is innocent;[4]

- the government violated his Fourth and Fifth Amendment rights in the traffic stop and inventory search of his vehicle and by withholding, misplacing, and destroying favorable evidence to his defense;[5]

- the government violated his Fifth Amendment due process rights through law enforcement and prosecutorial misconduct, fraud on the court, and presentment of false testimony;[6]

- the evidence presented at trial was insufficient to convict him;[7]

---

[1] 322 U.S. 238 (1944).

[2] Petitioner's Motion for Relief Under Hazel-Atlas ("Motion"), docket no. 273, filed Apr. 29, 2024.

[3] *Id*. at 6.

[4] *Id*. at 8, 10-11.

[5] *Id*. at 8, 12-14, 25-26.

[6] *Id*. at 8, 12, 14-18.

[7] *Id*. at 8-9, 18-19.

- he was denied effective assistance of counsel at trial and on appeal;[8]
- the trial court abused its discretion in denying his motion to suppress evidence;[9] and
- cumulative errors prejudiced his defense at trial.[10]

Because Defendant's Motion is considered a second-or-successive motion under 28 U.S.C. § 2255, and Defendant did not first obtain authorization from the Tenth Circuit Court of Appeals for the Motion's filing, subject matter jurisdiction is lacking. Therefore, Defendant's Motion[11] is DISMISSED without prejudice.

## DISCUSSION

"A prisoner must obtain [the Tenth Circuit Court of Appeal]'s authorization to file a second-or-successive § 2255 motion."[12] "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."[13] And "[i]f the prisoner's [motion] must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the [motion]" absent the Tenth Circuit's prior authorization of the motion's filing.[14]

---

[8] *Id*. at 9, 20-21.

[9] *Id*. at 9, 21-23.

[10] *Id*. at 9, 23-24.

[11] Docket no. 273, filed Apr. 29, 2024.

[12] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (citing 28 U.S.C. §§ 2255(h), 2244(b)(3)).

[13] *Id*. (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

[14] *Id*. (internal quotations and punctuation omitted).

Defendant previously filed a § 2255 motion,[15] which was denied and dismissed with prejudice.[16] Defendant was also denied a certificate of appealability regarding his § 2255 motion.[17] Now, raising many of the same and similar arguments to those that were rejected in his § 2255 motion, Defendant's Motion seeks relief from his conviction and sentence under FED. R. CIV. P. 60(d)(3) and the Supreme Court's opinion in *Hazel-Atlas*.[18]

"In *Hazel-Atlas*, the Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court."[19] "The [Supreme] Court thus recognized what is now referred to as the 'fraud on the court' doctrine."[20] "[FED. R. CIV. P.] 60(b) sets forth ground upon which a party may move the district court to grant relief from a final judgment."[21] "And Rule 60(d)(3) confirms that Rule 60 'does not limit a court's power to . . . set aside a judgment for fraud on the court.'"[22]

"A fraud-on-the-court claim may be brought either as an independent action preserved by the savings clause in Rule 60(d)(3), or as a claim under Rule 60(b)(3), which provides for relief from judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party."[23] However, in the context of a criminal case, "[t]he fact that a [defendant] labeled [their] motion as

---

[15] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1 in *Smith v. United States*, 2:21-cv-00081-DN (D. Utah) ("§ 2255 Case"), filed Feb. 8, 2021; [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 17 in § 2255 Case, filed May 3, 2021.

[16] Amended Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion at 20, docket no. 26 in § 2255 Case, filed Oct. 5, 2021.

[17] *Id*.; Order Denying Certificate of Appealability, 10th Cir. No. 21-4130, docket no. 32 in § 2255 Case, filed Jan. 31, 2023.

[18] Motion at 6, 8-24.

[19] *Baker*, 718 F.3d at 1206 (citing *Hazel-Atlas*, 322 U.S. at 238-249).

[20] *Id*. (internal quotations omitted).

[21] *Id*.

[22] *Id*. (quoting FED. R. CIV. P. 60(d)(3)).

[23] *Id*. at 1207 (quoting FED. R. CIV. P. 60(b)(3)).

brought under *Hazel-Atlas* and the savings-clause language in Rule 60(d)(3) does not change the analysis [courts] use to determine if [the motion] is an unauthorized second-or-successive § 2255 motion."[24]

"It is the relief sought, not the [motion]'s title, that determines whether the [motion] is a § 2255 motion."[25] Therefore, "a motion alleging fraud on the court in a federal habeas proceeding constitutes a true 60(b) motion."[26] "But a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction.[27]

Defendant's Motion does not assert or argue that the denial and dismissal of his prior § 2255 motion was the result of fraud on the court. The Motion raises only challenges to Defendant's criminal case and his conviction and sentence.[28] Therefore, Defendant's Motion must be considered a second-or-successive § 2255 motion. And as a second-or successive § 2255 motion, the Motion cannot be filed without prior authorization from the Tenth Circuit.[29] Because Defendant did not first obtain authorization from the Tenth Circuit for his Motion's filing, subject matter jurisdiction over the Motion is lacking.[30]

---

[24] *Id*.

[25] *Id*. (internal quotations omitted).

[26] *Id*. (citing *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006; *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005)).

[27] *Id*.

[28] Motion at 6, 8-24.

[29] 28 U.S.C. § 2255(h); *Baker*, 718 F.3d at 1206.

[30] *Baker*, 718 F.3d at 1206.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[31] is DISMISSED

without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Defendant's Motion for Status Hearing[32] regarding his

Motion is MOOT.

Signed May 23, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[31] Docket no. 273, filed Apr. 29, 2024.

[32] Docket no. 274, filed May 6, 2024.