THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant Marlon Alonzo Smith seeks relief from his conviction and sentence under FED. R. CIV. P. 60(b)(4) and 60(b)(6) ("Motion").[1] Defendant argues that his conviction and sentence are void and must be vacated because of due process violations and prosecutorial misconduct.[2] Defendant specifically argues that the government:

- failed to disclose and withheld material and exculpatory evidence from the defense;[3] and
- elicited false and misleading testimony and improperly vouched for witnesses' credibility at trial.[4]

Because Defendant's Motion is considered a second-or-successive motion under 28 U.S.C. § 2255, and Defendant did not first obtain authorization from the Tenth Circuit Court of Appeals for the Motion's filing, subject matter jurisdiction is lacking. Therefore, Defendant's Motion[5] is DISMISSED without prejudice. A certificate of appealability is also DENIED.

---

[1] Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6) ("Motion"), docket no. 297, filed Dec. 20, 2024.

[2] *Id*. at 10-15.

[3] *Id*. at 10-11, 14-15.

[4] *Id*. at 11-13.

[5] Docket no. 297, filed Dec. 20, 2024.

## DISCUSSION

"A prisoner must obtain [the Tenth Circuit Court of Appeal]'s authorization to file a second-or-successive § 2255 motion."[6] "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."[7] And "[i]f the prisoner's [motion] must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the [motion]" absent the Tenth Circuit's prior authorization of the motion's filing.[8]

Defendant previously filed a § 2255 motion,[9] which was denied and dismissed with prejudice.[10] Defendant was denied a certificate of appealability regarding his § 2255 motion.[11] Defendant also previously filed a motion seeking relief from his conviction and sentence under FED. R. CIV. P. 60(d)(3) and the Supreme Court's opinion in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*[12] ("*Hazel-Atlas* Motion").[13] Defendant's *Hazel-Atlas* Motion was dismissed without prejudice as an improper second-or-successive § 2255 motion filed without

---

[6] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (citing 28 U.S.C. §§ 2255(h), 2244(b)(3)).

[7] *Id.* (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

[8] *Id.* (internal quotations and punctuation omitted).

[9] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1 in *Smith v. United States*, 2:21-cv-00081-DN (D. Utah) ("§ 2255 Case"), filed Feb. 8, 2021; [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 17 in § 2255 Case, filed May 3, 2021.

[10] Amended Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion at 20, docket no. 26 in § 2255 Case, filed Oct. 5, 2021.

[11] *Id.*; Order Denying Certificate of Appealability, 10th Cir. No. 21-4130, docket no. 32 in § 2255 Case, filed Jan. 31, 2023.

[12] 322 U.S. 238 (1944).

[13] Petitioner's Motion for Relief Under Hazel-Atlas ("*Hazel-Atlas* Motion"), docket no. 273, filed Apr. 29, 2024.

prior authorization from the Tenth Circuit.[14] And Defendant was denied a certificate of appealability regarding his *Hazel-Atlas* Motion.[15] Now, raising similar arguments to those rejected in his § 2255 motion and previously raised in his *Hazel-Atlas* Motion, Defendant's Motion seeks relief from his conviction and sentence under FED. R. CIV. P. 60(b)(4) and 60(b)(6).[16]

"[FED. R. CIV. P.] 60(b) sets forth ground upon which a party may move the district court to grant relief from a final judgment."[17] However, in the context of a criminal case, "[t]he fact that a [defendant] labeled [a] motion as brought under [Rule 60] does not change the analysis [courts] use to determine if [the motion] is an unauthorized second-or-successive § 2255 motion."[18] "It is the relief sought, not the [motion]'s title, that determines whether the [motion] is a § 2255 motion."[19]

"[A Rule] 60(b) motion is a second or successive [§ 2255] petition if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction."[20]

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion

---

[14] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief Under Hazel-Atlas, docket no. 278, filed May 23, 2024.

[15] Memorandum Decision and Order Denying Certificate of Appealability, docket no. 285, filed June 7, 2024. The Tenth Circuit also refused to grant authorization for Defendant's filing of his *Hazel-Atlas* Motion because it "ha[d] no authority to prescreen Rule 60 motions to decide if they are true Rule 60 motions." Order at 2, 10th Cir. No. 24-4056, docket no. 283, filed June 5, 2024. Defendant ultimately voluntarily dismissed his appeal of the *Hazel-Atlas* Motion's dismissal. Order, 10th Cir. No. 24-4066, docket no. 291, filed June 20, 2024.

[16] Motion at 10-15.

[17] *Baker*, 718 F.3d at 1206.

[18] *Id*. at 1207.

[19] *Id*. (internal quotations omitted).

[20] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seeking vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.[21]

Defendant's Motion is not a "true" Rule 60(b) motion. The Motion raises only challenges to the propriety and validity of his underlying conviction and sentence.[22] Therefore, the Motion is considered a second-or-successive § 2255 motion. And as a second-or successive § 2255 motion, the Motion cannot be filed without prior authorization from the Tenth Circuit.[23] Because Defendant did not first obtain authorization from the Tenth Circuit for a second-or-successive § 2255 motion, subject matter jurisdiction over the Motion is lacking.[24] The Motion is DISMISSED without prejudice, and Defendant is DENIED a certificate of appealability.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[25] is DISMISSED without prejudice for lack of subject matter jurisdiction. Defendant is DENIED a certificate of appealability.

Signed January 8, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[21] *Id.* at 1216 (internal citations and punctuation omitted).

[22] Motion at 10-15.

[23] 28 U.S.C. § 2255(h); *Baker*, 718 F.3d at 1206.

[24] *Baker*, 718 F.3d at 1206.

[25] Docket no. 297, filed Dec. 20, 2024.