THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant seeks a reduction of his sentence or compassionate release to provide care for his elderly mother and to care for his own physical and mental health conditions ("Motion").[1] The United States Probation Office opposes Defendant's Motion.[2] The government did not file a response.

Because Defendant fails to establish extraordinary and compelling reasons to warrant a reduced sentence and compassionate release, and because the relevant factors of 18 U.S.C. § 3553(a) weigh against a reduced sentence and compassionate release, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(a) and U.S.S.G. 1B1.13-Other Reasons ("Motion"), docket no. 294, filed Oct. 28, 2024.

[2] First Step Act Relief Recommendation, docket no. 295-3, filed under seal Nov. 20, 2024.

[3] Docket no. 294, filed Oct. 28, 2024.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Defendant submitted a request for relief under the First Step Act to the warden at the Lompoc Federal Correctional Complex (where Defendant is incarcerated).[6] The request was denied, and Defendant submitted an administrative appeal of the denial.[7] On May 29, 2024, Defendant's administrative appeal was denied.[8] Defendant subsequently filed his Motion on October 28, 2024. Under these circumstances, Defendant's Motion is procedurally proper, and its merits may be addressed.

### Defendant is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set forth in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[9]

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] Administrative Remedy No. 1182974-A1 Part B – Response, docket no. 294-1 at 1-3, filed Oct. 28, 2024.

[7] *Id*.

[8] *Id*.

[9] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

**Defendant fails to establish extraordinary and compelling reasons to warrant compassionate release to provide care for his elderly mother**

Defendant first argues that he is entitled to compassionate release to provide care for his elderly mother.[10] District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[11] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[12] The USSC's applicable policy statement defines "extraordinary and compelling reasons" regarding a defendant's medical circumstances to include: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."[13]

Defendant asserts that his mother is 79 years old and suffers from "chronic pain, back injury, numbness, pain and arthritis to her legs, feet and arms and of old age."[14] Defendant also asserts that his mother was recently involved in a car accident, and that because of "his sibling[s'] busy schedules they are not available."[15] Additionally, Defendant attached to his Motion an unverified letter from his mother, which states that that prior to Defendant's incarceration, he provided care for his mother.[16] The letter further states that "[i]t has been very difficult" for Defendant's mother not having Defendant to assist her with her "current health

---

[10] Motion at 2.

[11] *Maumau*, 993 F.3d at 832.

[12] *Id*.

[13] U.S.S.G. 1B1.13(b)(3)(C) (effective Nov. 1, 2023).

[14] Motion at 2.

[15] *Id*.

[16] Affidavit of Euraine Smith, docket no. 294-1 at 6, filed Oct. 28, 2024.

condition," and that "none [of her other children] are as available to assist [her] as [a] caregiver."[17]

Even accepting all of these factual assertions as true, Defendant has not established his mother's "incapacitation." Defendant's mother is elderly and suffers from several health-related issues. But Defendant offers insufficient evidence to suggest that his mother is incapable of caring for herself, or that Defendant's siblings are unavailable to provide care to their mother. Indeed, his mother's letter indicates only that it has been "very difficult" not having Defendant to assist her, and that her other children not "as available" to assist in her care.[18]

Under the circumstances, and on this record, Defendant fails to establish extraordinary and compelling reasons to warrant compassionate release to provide care for his elderly mother.

**Defendant's medical conditions do not constitute extraordinary and compelling reasons to warrant compassionate release**

Defendant next argues that he is entitled to compassionate release to care for his own physical and mental health conditions.[19] The USSC's applicable policy statement defines "extraordinary and compelling reasons" regarding a defendant's medical circumstances to include:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
>    (i) suffering from a serious physical or medical condition,
>    (ii) suffering from a serious functional or cognitive impairment, or

---

[17] *Id.*

[18] *Id.*

[19] Motion at 2-5.

      (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances--
    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
    (iii) such risk cannot be adequately mitigated in a timely manner.[20]

Defendant is 54 years old, and his Defendant's BOP medical records indicate that he is being treated for bipolar disorder and anxiety, neck pain from a bulging disk and other disk ailments, shoulder pain, non-active Tuberculosis infection, hyperlipidemia (high fat levels in the blood), TMJ syndrome and headaches, hearing loss, toenail fungus, chronic sinusitis, throat discomfort, and GERD (excessive stomach reflux).[21] Defendant also asserts that he was infected with the COVID-19 virus in August 2020, and suffered medical reactions and injuries resulting from being pepper sprayed while housed at FCI Victorville on April 11, 2022.[22] Defendant maintains that he continues to suffer from "serious difficulty breathing, prolong[ed] coughing and other congestive ailments."[23] And Defendant maintains that he suffers from "anger, anxiety,

---

[20] U.S.S.G. 1B1.13(b)(1) (effective Nov. 1, 2023).

[21] Motion at 2-5; BOP Medical Records, docket no. 211-3, filed under seal Nov. 20, 2020.

[22] Motion at 3-5.

[23] *Id*. at 4.

depression, [and] frustration" due to his incarceration and the level of care he receives from the BOP.[24]

This is the second time Defendant has sought compassionate release based on his medical conditions.[25] Defendant has not presented evidence suggesting that his medical conditions have worsened or changed since the filing and denial of his prior motion. Defendant does not assert that he is suffering from a terminal illness. He provides insufficient evidence and argument regarding the seriousness of his conditions, his likelihood of recovery, or the ways in which his conditions negatively impact him and his ability for self-care while incarcerated. And he fails to present sufficient evidence that his medical conditions require long-term or specialized medical care that is not being provided by the BOP.

On this record, Defendant's medical circumstance do not constitute extraordinary and compelling reasons to warrant compassionate release.

**Defendant's other asserted grounds for compassionate release do not constitute extraordinary and compelling reasons to warrant compassionate release**

Defendant also argues that several other factors entitle him to compassionate release, including: his presentence report's inclusion of two prior unresolved criminal cases; sentencing disparity and that he received an unusually long prison sentence; an attempted justification for his flight from law enforcement; and his rehabilitation and conduct since being incarcerated.[26] The USSC's applicable policy statement permits consideration of unusually long sentences, rehabilitation, and other circumstances when determining whether "extraordinary and compelling

---

[24] Motion at 3.

[25] Defendant's first attempt at obtaining compassionate release was filed during the COVID-19 pandemic. Motion for Compassionate Release and Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Due to the COVID-19 Pandemic ("Motion"), docket no. 206, filed Nov. 2, 2020.

[26] Motion at 5-7.

reasons" exist to warrant a defendant's compassionate release.[27] However, whether considered individually or collectively, Defendant fails to present sufficient evidence and argument to demonstrate that extraordinary and compelling reasons exist to entitle him to compassionate release. This is not even a close case.

**The relevant factor of 18 U.S.C. § 3553(a) weigh against compassionate release**

Even if Defendant had established extraordinary and compelling reasons to warrant compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release. Defendant was convicted of one count of Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).[28] A conviction for this offense carries a 10-year minimum mandatory sentence. Defendant's arrest culminated after a high-speed chase with police, during which Defendant reached speeds in excess of 115 miles per hour, and Defendant was stopped only after having his vehicle's tires spiked and his vehicle being spun around by an officer executing a PIT maneuver.[29] Defendant's criminal history includes convictions for robbery (during which a co-defendant shot the robbery victim) and violation of a protective order (during which he rammed his vehicle into his ex-wife's car during a child custody exchange).[30] Defendant's guideline range of imprisonment was 292 months to 365 months.[31] He was sentenced to 180 months,[32] well below the low end of his guideline range. He was also sentenced to a 60-month term of supervised release.[33]

---

[27] U.S.S.G. 1B1.13(b)(5)-(6), (d) (effective Nov. 1, 2023).

[28] Judgment in a Criminal Case ("Judgment") at 1, docket no. 181, filed Oct. 2, 2018.

[29] PSR ¶ 5 at 4.

[30] *Id*. ¶¶ 22-23 at 6.

[31] *Id*. ¶ 48 at 11.

[32] Judgment at 2.

[33] *Id*. at 3.

As of November 5, 2024, Defendant has served approximately 59% (eight years, 10 months, and five days) of his 180-month term of imprisonment.[34] On September 13, 2024, he received a 300 series disciplinary action for conducting a gambling pool while in custody, which resulted in a 30-day loss of phone and commissary privileges.[35] And Defendant has a projected release date of October 12, 2028.[36]

The serious nature and circumstances of Defendant's offense, the appropriateness of the original 180-month prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant. Therefore, Defendant is not entitled to compassionate release.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[37] is DENIED.

Signed January 10, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[34] First Step Act Relief Eligibility Report ¶ 2 at 3, docket no. 295, filed under seal Nov. 20, 2024.

[35] *Id.* ¶ 20 at 6.

[36] *Id.* at 3.

[37] Docket no. 294, filed Oct. 28, 2024.