THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO AMEND AND CORRECT DEFENDANT'S PRESENTENCE REPORT**<br><br>Case No. 4:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant Marlon Alonzo Smith seeks to amend and correct information within his presentence investigation report ("Motion").[1] Mr. Smith asserts that certain matters in his criminal history have changed since his conviction, and that his presentence investigation report should be updated—including amendment of his criminal history category and offense level—to reflect these changes.[2] However, final judgment[3] has entered in this case and the Tenth Circuit Court of Appeals has affirmed Defendant's conviction and sentence.[4]

"After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."[5] The district court's original jurisdiction under 18 U.S.C. § 3231 does not confer "jurisdiction over all post-conviction motions."[6] Defendant asserts that the amendments and corrections to his presentence investigation report are necessary because his

---

[1] Motion to Amend and Correct Defendant's Presentence Report ("Motion"), docket no. 310, filed Jan. 27, 2025.

[2] *Id*. at 1-3.

[3] Judgement in a Criminal Case, docket no. 181, filed Oct. 2, 2018.

[4] Order and Judgment, docket no. 200, filed Feb. 25, 2020.

[5] *United States v. James*, 728 Fed. App'x 818, 822 (10th Cir. 2018).

[6] *Id*.

presentence investigation report is causing him injuries and prejudice in his attempts to invalidate and seek relief from his conviction and sentence.[7] But Defendant cites no legal authority that would confer jurisdiction over his Motion. And his Motion effectively seeks to raise error with and challenge the appropriateness of his sentence.[8] The Motion is considered a second-or-successive motion under 28 U.S.C. § 2255 for which Defendant did not obtain prior authorization from the Tenth Circuit Court of Appeal.[9]

Therefore, IT IS HEREBY ORDERED that Mr. Smith's Motion[10] is DISMISSED for lack of jurisdiction. Mr. Smith is DENIED a certificate of appealability.

Signed March 4, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[7] Motion at 1-3.

[8] *Id*.

[9] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); 28 U.S.C. § 2255(h).

[10] Docket no. 310, filed Jan. 27, 2025.