THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLON ALONZO SMITH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:16-cr-00020-DN<br><br>District Judge David Nuffer |

Defendant Marlon Alonzo Smith seeks relief from his conviction and sentence under FED. R. CIV. P. 60(b)(4) ("Motion").[1] Defendant argues that his conviction and sentence are void and must be vacated because of due process violations.[2] The Motion is Defendant's third attempt to obtain relief from his conviction and sentence under Rule 60(b).[3] And in each attempt, Defendant has raised the same and substantially similar arguments.[4]

Defendant's prior two Rule 60(b) motions were dismissed without prejudice for lack of subject matter jurisdiction because the motions were second-or-successive motions under 28 U.S.C. § 2255, and Defendant did not first obtain authorization from the Tenth Circuit Court of

---

[1] Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) ("Motion"), docket no. 318, filed Feb. 6, 2025.

[2] *Id*. at 10-15.

[3] Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6), docket no. 297, filed Dec. 20, 2024; Petitioner's Motion for Relief Under Hazel-Atlas, docket no. 273, filed Apr. 29, 2024.

[4] *Compare* Motion; Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6); Petitioner's Motion for Relief Under Hazel-Atlas.

Appeals for the motions' filings.[5] For the same reasons, subject matter jurisdiction is lacking over Defendant's current Motion. The Motion[6] is DISMISSED without prejudice, and a certificate of appealability is DENIED.

## DISCUSSION

"A prisoner must obtain [the Tenth Circuit Court of Appeal]'s authorization to file a second-or-successive § 2255 motion."[7] "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."[8] And "[i]f the prisoner's [motion] must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the [motion]" absent the Tenth Circuit's prior authorization of the motion's filing.[9]

Defendant previously filed a § 2255 motion,[10] which was denied and dismissed with prejudice.[11] Defendant was denied a certificate of appealability regarding his § 2255 motion.[12] Defendant also previously filed two motions seeking relief from his conviction and sentence

---

[5] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment, docket no. 299, filed Jan. 8, 2025; Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief Under Hazel-Atlas, docket no. 278, filed May 23, 2024.

[6] Docket no. 318, filed Feb. 6, 2025.

[7] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (citing 28 U.S.C. §§ 2255(h), 2244(b)(3)).

[8] *Id*. (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

[9] *Id*. (internal quotations and punctuation omitted).

[10] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1 in *Smith v. United States*, 2:21-cv-00081-DN (D. Utah) ("§ 2255 Case"), filed Feb. 8, 2021; [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 17 in § 2255 Case, filed May 3, 2021.

[11] Amended Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion at 20, docket no. 26 in § 2255 Case, filed Oct. 5, 2021.

[12] *Id*.; Order Denying Certificate of Appealability, 10th Cir. No. 21-4130, docket no. 32 in § 2255 Case, filed Jan. 31, 2023.

under FED. R. CIV. P. 60.[13] These motions were dismissed without prejudice as improper second-or-successive § 2255 motions filed without prior authorization from the Tenth Circuit.[14] And Defendant was denied certificates of appealability regarding these motions.[15] Now, raising the same and similar arguments to those rejected in his § 2255 motion and those raised in his prior Rule 60(b) motions, Defendant's Motion seeks relief from his conviction and sentence under FED. R. CIV. P. 60(b)(4).[16]

"[FED. R. CIV. P.] 60(b) sets forth ground upon which a party may move the district court to grant relief from a final judgment."[17] However, in the context of a criminal case, "[t]he fact that a [defendant] labeled [a] motion as brought under [Rule 60] does not change the analysis [courts] use to determine if [the motion] is an unauthorized second-or-successive § 2255 motion."[18] "It is the relief sought, not the [motion]'s title, that determines whether the [motion] is a § 2255 motion."[19]

---

[13] Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6); Petitioner's Motion for Relief Under Hazel-Atlas.

[14] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment; Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief Under Hazel-Atlas.

[15] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment; Memorandum Decision and Order Denying Certificate of Appealability, docket no. 285, filed June 7, 2024. The Tenth Circuit also refused to grant authorization for Defendant's filing of his *Hazel-Atlas* Motion because it "ha[d] no authority to prescreen Rule 60 motions to decide if they are true Rule 60 motions." Order at 2, 10th Cir. No. 24-4056, docket no. 283, filed June 5, 2024. Defendant ultimately voluntarily dismissed his appeals of the dismissal of his prior Rule 60(b) motions. Motion to Withdraw Notice of Appeal, docket no. 319, filed Feb. 21, 2025; Order in *United States v. Smith*, 10th Cir. No. 25-4010, docket no. 317, filed Feb. 6, 2025; Order, 10th Cir. No. 24-4066, docket no. 291, filed June 20, 2024.

[16] Motion at 4-6.

[17] *Baker*, 718 F.3d at 1206.

[18] *Id*. at 1207.

[19] *Id*. (internal quotations omitted).

> "[A Rule] 60(b) motion is a second or successive [§ 2255] petition if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction."[20]

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seeking vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.[21]

Defendant's Motion is not a "true" Rule 60(b) motion. The Motion raises only challenges to the propriety and validity of his underlying conviction and sentence.[22] Therefore, the Motion is considered a second-or-successive § 2255 motion. And as a second-or successive § 2255 motion, the Motion cannot be filed without prior authorization from the Tenth Circuit.[23] Because Defendant did not first obtain authorization from the Tenth Circuit for a second-or-successive § 2255 motion, subject matter jurisdiction over the Motion is lacking.[24] The Motion is DISMISSED without prejudice, and Defendant is DENIED a certificate of appealability.

---

[20] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

[21] *Id*. at 1216 (internal citations and punctuation omitted).

[22] Motion at 4-6.

[23] 28 U.S.C. § 2255(h); *Baker*, 718 F.3d at 1206.

[24] *Baker*, 718 F.3d at 1206.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[25] is DISMISSED without prejudice for lack of subject matter jurisdiction. Defendant is DENIED a certificate of appealability.

Signed March 4, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[25] Docket no. 318, filed Feb. 6, 2025.